Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| | | |
|---|---|---|
| CHRISTIAN MOLINA FIGUEROA<br><br>*Recurrente*<br><br>v.<br><br>DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN<br><br>*Recurrido* | TA2026RA00250 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación<br><br>Remedio Administrativo Núm. GMA500-094-26 |

Panel integrado por su presidente, el Juez Rodríguez Casillas, la Juez Barresi Ramos y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 30 de junio de 2026.

El 5 de mayo de 2026, el señor Christian Molina Figueroa (señor Molina Figueroa o recurrente) presentó ante este Tribunal de Apelaciones, por derecho propio, el recurso de *Revisión Administrativa* de epígrafe y una *Solicitud y Declaración para que se Exima de Pago de Arancel por Razón de Indigencia.*

Examinada la solicitud para litigar como indigente, mediante *Resolución* emitida el 18 de mayo de 2026, la declaramos ***Ha Lugar***.

En cuanto al recurso de epígrafe, por los fundamentos que expondremos a continuación, lo ***desestimamos*** por falta de jurisdicción, por haber sido presentado de forma prematura.

**I.**

El caso de autos tuvo su génesis el 2 de febrero de 2026[1], cuando el señor Molina Figueroa suscribió una *Solicitud de Remedio Administrativo*[2] ante el Departamento de Corrección y Rehabilitación en la División de Remedios Administrativos (DCR o agencia

---

[1] La *Solicitud de Remedio Administrativo* fue recibida por el DCR el 6 de febrero de 2026.
[2] Número de solicitud GMA500-94-26. Apéndice 3 del recurso de *Revisión Administrativa,* págs. 4-5.

recurrida). En el mismo, solicitó la corrección de su *Hoja de Control Sobre Liquidación de Sentencias*[3] emitida en noviembre de 2023, debido a que, alegadamente, le cambiaron el orden de los casos, de manera que iba a extinguir la pena de la sentencia del 2006 nuevamente.

Evaluado el petitorio, el 20 de febrero de 2026, el DCR emitió una *Respuesta al Miembro de la Población Correccional*[4] en la cual esbozó que "[e]n estos momentos la institución no cuenta con un técnico de récord criminal en propiedad se han hechos peticiones a nivel central para el nombramiento de alguno. Por el momento viene uno una vez a la semana de Ponce"[5].

Insatisfecho con la determinación, el 12 de marzo 2026, el recurrente sometió una *Solicitud de Reconsideración*[6]. Sostuvo que la respuesta de la agencia recurrida no resolvía lo solicitado y que la misma no tenía sentido. Asimismo, esgrimió que la técnica de récord que iba una vez por semana no realizó lo solicitado en su hoja de liquidación de sentencia. Finalmente, volvió a solicitar que se le corrigiera su hoja de liquidación conforme a su remedio GMA500-094-26. Por su parte, el 19 de marzo de 2026[7], la agencia recurrida emitió una *Respuesta de Reconsideración al Miembro de la Población Correccional*[8] y denegó lo solicitado por el señor Molina Figueroa.

Inconforme aun, el 5 de mayo de 2026, el recurrente acudió ante este foro intermedio y solicitó que ordenemos a la agencia recurrida corregir la *Hoja de Control Sobre Liquidación de Sentencias*.

El 18 de mayo de 2026, emitimos y notificamos una *Resolución* en la cual le concedimos al DCR diez (10) días para que

---

[3] *Íd.*, pág. 8.
[4] *Íd.*, pág. 7.
[5] *Íd.*
[6] *Íd.*, pág. 6.
[7] Notificada el 8 de abril de 2026.
[8] Apéndice 2 del recurso de *Revisión Administrativa*.

certificara la fecha en que le fue entregada al señor Molina Figueroa la *Respuesta de Reconsideración al Miembro de la Población Correccional.* En cumplimiento con lo anterior, el 28 de mayo de 2026, sometió una moción en la cual certificó que el documento antes mencionado le fue entregado al recurrente el 8 de abril de 2026. Así pues, el 1 de junio de 2026[9], emitimos una *Resolución* en la cual le concedimos al recurrido diez (10) días para que certificara la fecha en que le fue entregada al señor Molina Figueroa la *Hoja de Control Sobre Liquidación de Sentencias del 21 de noviembre de 2023.* Asimismo, le concedimos hasta el 24 de junio de 2026 para que presentara su alegato.

El 12 de junio de 2026, el DCR sometió una *Moción en Cumplimiento de Resolución* en la cual nos certificó que la *Hoja de Control Sobre Liquidación de Sentencias del 21 de noviembre de 2023* estaba firmada por el recurrente, pero no constaba la fecha de entrega[10].

Finalmente, el 24 de junio de 2026, la agencia recurrida sometió su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación.* Allí arguyó que el recurso debía desestimarse, pues aún no existía una determinación administrativa final susceptible de revisión judicial. De igual manera, esgrimió que atendió el reclamo del recurrente y refirió el asunto a la Supervisora de Récord, para que se evaluara la alegada discrepancia en la hoja de liquidación de sentencia, pues se requería una revisión exhaustiva del expediente.

Con el beneficio de la comparecencia de ambas partes, procedemos a resolver.

---

[9] Notificada el 2 de junio de 2026.

[10] No obstante, el DCR puntualizó que el recurrente en su escrito reconoció que la hoja en controversia la recibió en el año 2023.

**II.**

**-A-**

La jurisdicción es el poder o la autoridad que tiene un tribunal para considerar y decidir casos o controversias[11]. Reiteradamente, se ha expresado que los tribunales deben ser celosos guardianes de su jurisdicción y no tienen discreción para asumir jurisdicción donde no la hay[12]. De igual manera, es conocido que la ausencia de jurisdicción no puede ser subsanada por las partes ni por el propio tribunal[13]. Por consiguiente, los asuntos jurisdiccionales son privilegiados y deben resolverse con preferencia a cualquier otro asunto planteado[14]. Cuando un tribunal emite una sentencia sin tener jurisdicción sobre las partes o la materia, su dictamen es uno inexistente o *ultravires*[15]. Por ello, al carecer de jurisdicción o autoridad para considerar un recurso, solo resta declararlo así y desestimar la reclamación sin entrar en los méritos de la controversia[16].

Por otro lado, según se ha definido, un recurso prematuro es uno que se ha presentado con relación a una determinación que está pendiente ante la consideración del tribunal apelado, o sea, que aún no ha sido finalmente resuelta[17]. Por tanto, un recurso prematuro carece de eficacia y no produce efectos jurídicos[18]. Un recurso presentado prematura o tardíamente priva insubsanablemente de jurisdicción y autoridad al tribunal ante el cual se recurre para atender el asunto, caso o controversia[19]. Sin embargo, la desestimación de un recurso por prematuro le permite a la parte que

---

[11] *Pueblo v. Ríos Nieves*, 209 DPR 264, 273 (2022).
[12] *Íd.*
[13] *Pérez Soto v. Cantera Pérez, Inc., et al.*, 188 DPR 98, 105 (2013).
[14] *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003)
[15] *Pueblo v. Ríos Nieves, supra,* pág. 273-274.
[16] *Mun. de San Sebastián v. QMC Telecom*, 190 DPR 652, 660 (2014).
[17] *Yumac Home v. Empresas Massó*, 194 DPR 96, 107 (2015).
[18] *Torres Martínez v. Torres Ghigliotty*, 175 D.P.R. 83, 97-98 (2008).
[19] *Íd.,* a la pág. 98.

recurre volver a presentarlo, una vez el foro apelado resuelve lo que estaba ante su consideración[20].

Cónsono con lo anterior, la Regla 83 del Reglamento del Tribunal de Apelaciones[21], confiere facultad a este Tribunal para a iniciativa propia o a petición de parte desestimar un recurso de apelación o denegar un auto discrecional cuando este foro carece de jurisdicción.

**-B-**

La revisión judicial constituye el remedio exclusivo para auscultar los méritos de una decisión administrativa. La Ley Núm. 38-2017, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico"[22] (LPAU), en la Sección 4.2 dispone lo siguiente:

> Una parte afectada **por una orden o <u>resolución final</u> de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente**, podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia o a partir de la fecha aplicable a las dispuestas en la Sección 3.15 de esta Ley cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración[23]. [...]. (Énfasis nuestro).

A su vez, el Artículo 4.006 de la Ley Núm. 201-2003, según enmendada, conocida como la "Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003", dispone que:

> El Tribunal de Apelaciones conocerá de los siguientes asuntos:
>
> [...]
>
> c. Mediante el recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y **<u>resoluciones finales</u>** de organismos o agencias administrativas[24]. [...]. (Énfasis nuestro).

---

[20] *Yumac Home v. Empresas Massó, supra,* pág. 107.
[21] Regla 83 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, págs. 116-117, 216 DPR __ (2025).
[22] 3 LPRA sec. 9601 *et seq.*
[23] 3 LPRA sec. 9672.
[24] 4 LPRA sec. 24y.

Por su parte, nuestro Máximo Foro estableció que una "orden o resolución final es aquella emitida por la última autoridad decisoria o adjudicativa de la agencia administrativa"[25]. Para que una orden o resolución sea final tiene que resolver todas las controversias y no puede dejar pendiente una para ser decidida en el futuro[26]. Por tanto, los requisitos para que una orden emitida por una agencia pueda ser revisada por este tribunal son: (1) que la parte adversamente afectada por la orden haya agotado los remedios provistos por la agencia, y (2) que la resolución sea final y no interlocutoria[27].

### III.

En el caso de autos, el señor Molina Figueroa adujo que el DCR incidió al no corregir su *Hoja de Control Sobre Liquidación de Sentencias*. Sin embargo, surge del expediente ante nuestra consideración que la controversia aún no ha sido adjudicada de forma definitiva por la agencia recurrida.

En específico, en la *Respuesta de Reconsideración al Miembro de la Población Correccional* se le informó al recurrente que su reclamación había sido referida a la Supervisora de Récord para realizar una revisión exhaustiva de su expediente y que, una vez culminara dicha evaluación, se le notificaría la determinación correspondiente. Asimismo, en su *Escrito en Cumplimiento de Resolución y Solicitud de Desestimación*, el DRC reiteró que el examen de la alegada discrepancia en la hoja de liquidación aún continuaba y que no se había emitido una decisión final sobre el reclamo del señor Molina Figueroa.

Así las cosas, resulta evidente que la agencia recurrida no ha concluido el trámite administrativo ni ha emitido una resolución

---

[25] *Bird Const. Corp. v. A.E.E. et al.,* 152 DPR 928, 936 (2000).
[26] *J. Exam. Tec. Med. v. Elías et al.,* 144 DPR 483, 490 (1997).
[27] *Procuradora Paciente v. MCS,* 163 DPR 21, 34-35 (2004).

final susceptible de revisión judicial. La determinación recurrida no resolvió en sus méritos la controversia planteada ni puso fin al procedimiento administrativo. Por el contrario, dejó pendiente la evaluación sustantiva del reclamo y expresó que este continuaría siendo atendido por el personal especializado. En consecuencia, al no existir una determinación final, este foro intermedio carece de jurisdicción para intervenir en esta etapa del procedimiento.

En virtud de ello, concluimos que el recurso presentado es prematuro. Conforme a la normativa antes expuesta, un recurso instado antes de que recaiga una determinación administrativa final no produce efecto jurídico alguno y priva a este Tribunal de jurisdicción para atender sus méritos. Ello, sin embargo, no impide que el recurrente pueda acudir nuevamente ante este Foro, de estimarlo procedente, una vez la agencia recurrida culmine el proceso administrativo y emita una resolución final revisable.

**IV**.

Por los fundamentos previamente expuestos, se ***desestima*** el recurso de epígrafe por falta de jurisdicción, por haber sido presentado de forma prematura.

Notifíquese a las partes, al Procurador General y al Secretario del Departamento de Corrección y Rehabilitación, quien deberá entregar copia de esta *Sentencia* al confinado, en cualquier institución donde este se encuentre.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones